UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RUBEN C. JONES, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) No. 4:06CV00030 ERW |
| CHARLES DWYER, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Ruben C. Jones's, motion for leave to proceed in forma pauperis [Doc. 1], petition for a writ of habeas corpus [Doc. 3] and motion for certificate of appealability [Doc. 4]. For the reasons stated below, the Court finds that the petition is time-barred and, therefore, will be denied.[1]

## The petition

Jones, an inmate at Southeast Correctional Center, seeks to have his conviction overturned pursuant to 28 U.S.C. § 2254. Jones challenges the August 3, 1994, conviction imposed by the Circuit Court of St. Louis County, Missouri, on the grounds that 1) he received ineffective assistance of counsel; and 2) the trial court lacked jurisdiction to sentence him as a prior and persistent felon offender.

---

[1]The Court notes that the instant petition is a second or successive habeas petition. *See Jones v. Missouri*, Case No. 4:96-cv-679-ERW (E.D.Mo.). Since Jones is challenging the same judgment of conviction, he would be required to seek and obtain approval from the United States Court of Appeals for the Eighth Circuit before he could proceed in this court. 28 U.S.C. §§ 2244(b)(1), (b)(3). However, since this matter is time-barred, the Court need not consider whether it should be transferred to the Court of Appeals.

**Discussion**

Both 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provide that a District Court may summarily dismiss a petition for writ of habeas corpus if it plainly appears that the petitioner is not entitled to relief.

Title 28 U.S.C. § 2244(d)(1) provides that a one-year period of limitations applies to an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). As relevant to this case, the limitation period runs from the date petitioner's judgment became final by conclusion of direct review or the time for seeking such review. 28 U.S.C. § 2244(d)(1).

Jones's petition is time-barred under § 2244(d)(1) and is subject to summary dismissal. Jones was convicted for robbery first degree on August 3, 1994. He appealed to the Missouri Court of Appeals, which affirmed his conviction and the trial court's denial of his Rule 29.15 motion for post-conviction relief on March 5, 1996. *State v. Jones*, 917 S.W.2d 622 (Mo.App. 1996). Jones states that he appealed to the Missouri Supreme Court, but he gives no date or case number, and the Court has been unable, independently, to find any reference to this appeal. Jones states that he did not file a petition for certiorari in the United States Supreme Court.

Accepting that Jones appealed to the Missouri Supreme Court and that he did not petition for certiorari from the denial of his direct appeal to the United States Supreme Court, it is, nonetheless, clear that this matter is time-barred since nearly nine years passed between the Missouri Court of Appeals' decision and the filing of the instant petition on January 6, 2006.

Assuming, *arguendo*, that Jones's conviction became final prior to the enactment of the one-year period of limitations, Jones had a one-year grace period, until April 24, 1997, in which to file a § 2254 action in federal court. *See Nichols v. Bowersox*, 172 F.3d 1068 (8th Cir. 1999); *Moore v. United States*, 173 F.3d 1131 (8th Cir. 1999). The instant § 2254 petition, however, was

not filed until January 6, 2006, more than eight years after the expiration of the one-year grace period. Consequently, the instant § 2254 petition is time-barred.

Furthermore, even if the period of limitations is subject to equitable tolling, *see Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999), petitioner has not asserted any facts that would cause the Court to conclude that equitable tolling applies in this case. *Id.* (noting that in habeas context equitable tolling is proper when "extraordinary circumstances" beyond a prisoner's control makes it impossible to file the habeas action on time).

The Court will deny petitioner's motion for certificate of appealability. While petitioner could remedy his failure to file a motion for leave to proceed in forma pauperis on appeal, such remedy would be futile because, for the reasons set forth above, his appeal is not taken in good faith and is not meritorious. 28 U.S.C. § 1915(a)(3); *Gilmore v. United States*, 131 F.2d 873, 874 (8th Cir. 1943) (courts will not grant leave to proceed in forma pauperis if it is clear that proceeding is without merit).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's application to proceed in forma pauperis [Doc. 1] be **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 because the petition is time barred.

**IT IS FURTHER ORDERED** that petitioner's motion for certificate of appealability [Doc. 4] be **DENIED,** and a certificate of appealability shall not issue.

An appropriate order shall accompany this memorandum and order.

So Ordered this 31st Day of January, 2006.

*E. Richard Webber*

**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**